**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| James Richard Sauder, | ) | |
| | ) | Case No. 4:10-mj-028 |
| Defendant. | ) | |

Before the court is Defendant's "Ex Parte Rule 17 Motion for Issuance of Subpoena." Defendant requests the court to order a subpoena to be issued for Francis A. Boyle, a professor of law at the University of Illinois. He avers that Boyle's attendance is necessary to present an adequate defense to the extent that Boyle has "substantial knowledge and information regarding these types of cases and provide expert testimony to the Court relative to them." (Docket No. 22).

Rule 17(b) of the Federal Rules of Criminal Procedure provides a procedure by which an indigent defendant can request that the Court issue a subpoena for a witness. The defendant's right to subpoena witnesses at government expense is not absolute, however; the defendant's ability to subpoena a witness is conditioned on his ability to demonstrate that the witness's presence is a "necessity" for an "adequate defense." Fed.R.Crim.P. 17(b). "Necessity" is generally interpreted to mean relevant, material, and useful. See e.g., United States v. Pursley, 577 F.3d 1204, 1230 (10th Cir. 2009); United States v. Youngman, 481 F.3d 1015, 1017 (8th Cir. 2007) (opining that a "defendant bears the burden of demonstrating that the testimony of the witness is both material and favorable to the defense" (internal quotations omitted)); United States v. Wyman, 724 F.2d 684, 686 (8th Cir. 1984) ("Materiality of the evidence is a proper consideration under Rule 17(b)."); United

States v. Romano, 482 F.2d 1183, 1195 (5th Cir. 1973) ( "Moreover, there was no need to call the witness whose testimony would not be relevant, since irrelevant testimony is per se not 'necessary to an adequate defense,' a prerequisite showing under Rule 17(b) F.R.Crim.P."). "This showing [of necessity] must be satisfactory to the district court, which means that the district court exercises a broad discretion in granting or denying a motion for the issuance of a subpoena made by a defendant financially unable to pay the fees of the witness." United States v. King, 195 Fed. Appx. 867 at *2 (11th Cir. Aug. 31, 2006); see also Youngman, 481 F.3d 1015, 1017; Wyman, 724 F.2d 684, 686; United States v. Schultz, 431 F.2d 907, 910 (1970).

      The relevance of Boyle's prospective testimony is not readily apparent. And Defendant has not explicitly articulated what Boyle is likely to testify about or how Boyle's testimony is material to his defense. Rather, he has only offered a conclusory statement of necessity. Such a statement does not satisfy his burden under Rule 17(b). See Youngman, 481 F.3d at 1017; see also United States v. Pursley, 577 F.3d 1204, 1230 (10th Cir. 2009) (opining that conclusory statements did not satisfy Rule 17(b)'s necessity requirement); United States v. Flynn, 265 Fed. Appx. at *11 (6th Cir. Feb. 14, 2008) ("The showing that a witness is 'necessary' to a defendant's case is not met by general statements of need lacking in particular facts concerning the substance of the witness's proposed testimony."); United States v. Link, 921 F.2d 1523, 1528 (11th Cir. 1991) ("As a threshold matter, a defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony."); United States v. LeAmous, 754 F.2d 795, 798 (8th Cir.1985) ("Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense.").

      Moreover, Defendant's stated basis for subpoenaing Boyle-- expertise in and familiarity with similar types of cases as opposed to his knowledge of this case--tends to suggests that Boyle's

testimony would most likely center on the law as it presently stands and his interpretation of it. Rule 702 of the Federal Rules of Evidence sets forth the standard for expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 makes clear that expert witnesses may testify about <u>factual</u> issues. It is well-established, however that "expert testimony on legal matters is not admissible" in civil cases. <u>S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.</u>, 320 F.3d 838, 841 (8th Cir. 2003) (citing <u>United States v. Klaphake</u>, 64 F.3d 435, 438-39 (8th Cir. 1995)); <u>Okland Oil Co. v. Conoco, Inc.</u>, 144 F.3d 1308, 1328 (10th Cir. 1998) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."); <u>see</u> <u>also</u> <u>Roemmich v. Eagle Eye Development, LLC and Bertsch</u>, Docket No. 171, Case No. 1:04-cv-079 (D.N.D. 2009). The same holds true in criminal cases. <u>United States. V Klaphake</u>, 64 F.3d 435, 438-39. "As a general rule, questions of law are the subject of the court's instructions and not the subject of expert testimony." <u>Id.</u>

Accordingly, Defendant's "Ex Parte Rule 17 Motion for Issuance of a Subpoena" (Docket No. 22) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of May, 2010.

<i>/s/ Charles S. Miller, Jr.</i><br>
Charles S. Miller, Jr.<br>
United States Magistrate Judge